FLOYD WHITE v. THE STATE.

No. 13610. Delivered November 19, 1930.
Reported in 32 S. W. (2d) 651.

The opinion states the case.

*Will R. Saunders* of Pampa, and *B. H. Atchison* of Brecken-ridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Appellant and Mr. and Mrs. Jack Cogburn lived together, appellant paying part of the rent. At times he worked in a filling station owned by Cogburn. There was a garage forty or fifty feet away from the residence in which Cogburn kept his automobile. Appellant often drove the car. Generally, appellant was occupied in work in the oil field. Operating under a search warrant, officers searched appellant's private residence about three o'clock in the morning and found therein approximately 100 bottles of beer. According to their testimony, Mrs. Cogburn stated to them that the beer belonged to her. After returning the beer to the office of the justice of the peace, the officers again went to appellant's home about eight o'clock in the morning and searched the garage, in which they found more than a quart of whisky. Less than a quart of whisky was found in the filling station. Appellant was not at home when the search was made. He testified that he was engaged in work in the oil fields. He denied that he had any knowledge that there was intoxicating liquor in the house, garage or filling station, and disclaimed ownership of same.

The court instructed the jury that they could not consider the testimony of the officers touching the beer found in appellant's private residence. The case was submitted upon the theory that appellant possessed for the purpose of sale the whisky found in the garage. An instruction embodying the presumption arising from possession of more than a quart of intoxicating liquor was submitted to the jury.

The testimony of the officers touching the result of the search of the garage was objected to on the ground that the garage was not accurately and sufficiently described in the affidavit for the search warrant, and further that the officers had no warrant authorizing them to search said garage. The objection was well taken. The affidavit described the premises as a house "built by A. C. Hall in the southwest part of Hamlin on the south side of the Hamlin and

McCaulley highway now occupied by a man by the name of Jack Cogburn and Floyd White and filling station at junction of McCaulley and Plasterco roads in south Hamlin, Texas." The description in the search warrant followed that set forth in the affidavit. No mention was made of the garage or any other outhouse. Hence the search warrant was not authority for searching the garage. McTyre v. State, 19 S. W. (2d) 49.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.